UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE R. CHULICK-PEREZ<br><br>Plaintiff,<br><br>v.<br><br>CARMAX AUTO SUPERSTORES, LLC; and DOES 1 through 75, inclusive<br><br>Defendants. | No. 2:13-cv-2329-TLN-DAD<br><br><br>**ORDER** |

The matter is before the Court on Defendant CarMax Auto Superstores California, LLC's ("Defendants" or "CarMax") Motion to Dismiss Plaintiff Michelle R. Chulick-Perez's ("Plaintiff") Second Amended Complaint ("SAC"). (ECF Nos. 29, 30.) For the reasons discussed below, the Motion to Dismiss is DENIED.

**I. Background**

In summary, Plaintiff alleges that in 2011 she purchased a 2003 BMW X5 from a CarMax facility in Roseville, California, and subsequently learned that the vehicle contained defects. Plaintiff also alleges she would not have bought the vehicle but for CarMax's assertions that the vehicle was "certified". (SAC ¶ 5.)

Specifically, according to the SAC, Plaintiff heard and saw CarMax advertisements in or

1

1 about November, 2011, that Carmax sold certified vehicles.  Plaintiff also visited CarMax's

2 website, which stated that Carmax's vehicles were certified.  (SAC ¶¶ 8-10.)

3         In the middle of December, 2011, Plaintiff inquired via email and via telephone about the

4 vehicle she ultimately purchased – the BMW X5 – and subsequently visited the CarMax facility.

5 There, Plaintiff test-drove the vehicle and spoke with a representative, who told Plaintiff the

6 vehicle was certified.  (SAC ¶¶ 10-13.)

7         Plaintiff ultimately purchased the vehicle, and since then "has taken the vehicle into

8 repair facilities at least thirteen (13) times.  The defects in the vehicles ... [include] ... a leaking

9 valve gasket; the vehicle shaking at speeds over 55 mphs; a cracked air meter boot at the throttle

10 valve; both doors rattle; the air-conditioner failed; the Check Engine Light repeatedly

11 illuminated; leaking front struts; broke[n] DISA valve; broken motors mounts; broken window

12 regulator; and the rear control arm brushing and steering rack had to be replaced."  Plaintiff also

13 alleges problems related to improper battery installation.  (SAC ¶¶ 14-15.)

14         Plaintiff alleges that she was not, prior to sale, provided with a completed inspection

15 report indicating all the components inspected.  (SAC ¶ 5.)  As a general matter, Plaintiff claims

16 that CarMax's vehicles lack the superior quality that she, as a customer, was led to believe a

17 certified vehicle possesses.  (SAC ¶¶ 28-30.)

18         Plaintiff states two claims in the SAC: 1) under California's Consumers Legal Remedies

19 Act (hereinafter "CLRA"), Cal. Civ. Code s. 1750, *et seq*.; and 2) under California's Unfair

20 Competition law (hereinafter "UCL"), Cal. Bus. and Prof. Code s. 17200, *et seq*.  Plaintiff seeks

21 rescission of the purchase contract, damages, and injunctive relief.  (SAC ¶¶ 16-45.)

22         **II.  Procedural History**

23         This Court granted Defendants' Motion to Dismiss the original Complaint on May 22,

24 2014, and Defendants' Motion to Dismiss the First Amended Complaint ("FAC") on December

25 15, 2014.  (ECF Nos. 13, 26.)  Plaintiff filed the instant Second Amended Complaint on

26 December 15, 2014.  (ECF No. 29).  Defendants filed a Motion to Dismiss, Motion to Strike, and

27 a Request for Judicial Notice, on January 2, 2015.  (ECF Nos. 30-32.)  Plaintiff filed an

28 Opposition and a Request for Judicial Notice on February 12, 2015.  (ECF Nos. 33, 34.)

1  Defendants filed a Reply on February 19, 2015.  (ECF No. 35.)  The matter was submitted
2  without oral argument on February 19, 2015.  (ECF No. 36.)

**III.  Statutory Framework**

The starting point for Plaintiff's claims is California Vehicle Code § 11713.18(a), which was enacted as part of the Car Buyer's Bill of Rights in July, 2006.  Section 11713.18(a) provides that it is unlawful to "advertise for sale or sell a used vehicle as 'certified'" if "[p]rior to sale, the dealer fails to provide the buyer with a completed inspection report indicating all the components inspected," or if the "term 'certified' or any similar descriptive term is used in any manner that is untrue or misleading or that would cause any advertisement to be in violation of subdivision (a) of Section 11713."  *See* Cal. Veh. Code § 11713.18(a) subsections (6) and (9).  A violation of § 11713.18 is actionable under the CLRA and the UCL.  Cal. Veh. Code § 11713.18(b)

The CLRA prohibits unfair methods of competition and unfair or deceptive acts or practices in transactions for the sale or lease of goods to consumers.  See Cal. Civ. Code § 1750 et seq.  The CLRA renders unlawful: "[r]epresenting that goods ... have ... characteristics ... which they do not have"; "[r]epresenting that goods ... are of a particular standard, quality, or grade ... if they are of another"; and "[m]isrepresenting the ... certification of goods or services."  *Id.* §§ 1770(a)(5)(7), (a)(7), (a)(2).  "Any consumer who suffers any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770 may bring an action under" under the CLRA.  *Id.* § 1780(a).  *See also Meyer v. Sprint Spect.* 45 Cal. 4th 634, 641 (2009).

The UCL protects consumers and competitors by "promoting fair competition in commercial markets for goods and services."  *Duste v. Chevron Products Co.,* 738 F. Supp. 2d 1027, 1047 (N.D. Cal. 2010).  The statute defines "unfair competition" as "any unlawful, unfair or fraudulent business act or practice."  *Cel-Tech Commc'ns., Inc. v. L.A. Cellular Tel. Co.,* 20 Cal. 4th 163, 180 (1999) (citing Cal. Bus. and Prof. Code § 17200).  To bring a claim under the UCL, a plaintiff must "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e. economic injury, and (2) show that that economic injury was the

result of i.e., caused by, the unfair business practice or false advertising that is the gravamen of the claim." *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322 (2011) (emphasis omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face ... A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 663-64 (2009). However, "[t]he court need not ... accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.... Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden* State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) (internal citations omitted).[1]

### IV.  Analysis

Plaintiff adequately alleges a violation of Cal. Veh. Code § 11713.18.  Plaintiff alleges that CarMax represented to her that the vehicle she bought was certified but CarMax did not, prior to sale, provide her a completed inspection report indicating the components inspected, in violation of subsection (6).  Plaintiff also alleges that CarMax advertisements led her to believe the car she purchased was of superior quality by virtue of being certified, which was misleading because, according to Plaintiff, the vehicle she bought was not of superior quality than an un-certified vehicle, in violation of subsection (9).  Plaintiff further alleges she would not have bought the vehicle but for Defendant's representations that the vehicle was certified.

By virtue of these violations and their underlying facts, Plaintiff states a claim under the CLRA and the UCL.  These allegations, drawn in favor of Plaintiff, fit the plain meaning of the CLRA, which renders unlawful: "[r]epresenting that goods ... have ... characteristics ... which they do not have"; "[r]epresenting that goods ... are of a particular standard, quality, or grade ... if they are of another"; and "[m]isrepresenting the ... certification of goods or services."  Cal. Civ. Code §§ 1770(a)(5), (a)(7), (a)(2).  These allegations also fit the plain elements of a UCL claim,

---

[1] Plaintiff does not plead a distinct fraud cause of action.  However, to the extent her claims sound in fraud, the Court finds there is adequate factual specificity in the SAC to meet the requirement of Fed. R. Civ. Pro. 9(b).

4

Case 2:13-cv-02329-TLN-DB   Document 37   Filed 07/15/15   Page 5 of 10

which are that a party: "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e. economic injury, and (2) show that that economic injury was the result of i.e., caused by, the unfair business practice or false advertising that is the gravamen of the claim." *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322 (2011) (emphasis omitted).

Plaintiff's claims are supported by the express language of Cal. Veh. Code § 11713.18(b), which provides that violations of the section are actionable under both the CLRA and the UCL.

Defendants argue that Plaintiff does not allege damages.  However, the instant SAC, unlike the first amended complaint, alleges specific defects to the vehicle.  There is also an allegation that Plaintiff would not have bought the vehicle but for representations that it was certified.  Therefore the damage requirement to state a CLRA or UCL claim is met, because Plaintiff identifies an economic loss she would not have suffered but for Defendant's representations.

Defendants also argue, as this Court has addressed in previous pleadings, that Plaintiff has not adequately alleged facts supporting a claim that she was not, prior to sale, given a report listing all components inspected, which forms the basis for a violation of Cal. Veh. Code § 11713.18(a)(6).  The Court also notes Plaintiff's previous allegations, omitted from the instant SAC, which are that 1) at some point in conjunction with the sale she received a "125 point Certified Quality Inspection" report (the "CQI report") indicating the vehicle components inspected, but 2) the report was inadequate because it was generic and not an accurate list of the full inspection completed by CarMax prior to sale.  (*See* ECF No. 26 ¶¶ 4-10; ECF No. 1-1, Ex. 3, containing a copy of the CQI report.)  Defendants note these allegations in their Motion to Dismiss.  Plaintiff does not dispute the continued relevance of these allegations in her Opposition, and make ample reference to cases discussing the adequacy of a completed inspection report.  (ECF No. 33 at 7–10.)  Therefore, for clarity and to explain the evolution of the pleadings thus far, the Court will address the role of the CQI report which was at issue in the prior complaints.

There is competing district court authority as to whether, for the purposes of a motion to dismiss, the CQI report violates Cal. Veh. Code § 11713.18(a)(6).  *See e.g. Sandoval v. Carmax,*

5

13-cv-908-MMM at 27 (C.D. Cal. Sept. 24, 2013) (reasoning that, as supported by the legislative history of section 11713.18, CarMax had no duty to disclose the results of an internal inspection of its vehicles); *Gullins v. CarMax*, 13-cv-9398-JAK-CW at 9 (C.D. Cal. Mar. 14, 2014) (finding conversely that plaintiff had "adequately alleged that [CarMax] failed to provide an adequate inspection report under the statute").

This Court's prior order granting the first motion to dismiss (ECF No. 13) followed *Sandoval*, finding persuasive the fact that the legislature had considered — but eventually deleted — language in section 11713.18 requiring the inspection report to "indicat[e] all the components inspected pursuant to the vehicle certification program and certify[y] that all of the inspected components meet the express written standards of the vehicle certification program." (Amend. to AB 68, May 5, 2005; ECF No. 9-1, Ex. 1 at 57.)[2] *See Murphy v. Kennedy Cole Prod., Inc.,* 40 Cal. 4th 1094, 1107 (2007) ("The rejection of a specific provision contained in an act as originally introduced is 'most persuasive' that the act should not be interpreted to include what was left out.")[3]

For the second round of pleadings in the FAC, Plaintiffs identified several recent district court decisions that construed the legislative history of AB 68 to find that section 11713.18 could require something more than a generic list of parts inspected. This Court therefore, in its second order, reserved ruling on the requirements of Cal. Veh. Code § 11713.18, as it was relevant to the adequacy of the CQI report CarMax provides to purchasers. (ECF No. 28.) The Court dismissed the FAC because it contained no allegation of any defects to the vehicle, which was inconsistent

---

[2] Defendant previously requested judicial notice of the legislative history of the Car Buyer's Bill of Rights. (*See* ECF No. 9-1, ex. 1-4.) The Court again takes judicial notice pursuant to Fed. R. Evid. 201. The Court also takes judicial notice, under Fed. R. Evid. 201, of the exhibits contained in the parties' requests at ECF Nos. 32 & 34.

[3] In its order granting the first motion to dismiss, this Court followed, generally, the analysis done by the *Sandoval* court, which dismissed in full that plaintiff's complaint; the *Sandoval* plaintiff's complaint mirrored almost identically the first complaint in this matter. In light of the numerous cases now produced by Plaintiff reaching different conclusions than those reached by the *Sandoval* court, and in light of the substantially narrower claims now made in the SAC — which are restricted to whether Defendant's representations about its "certification" of vehicles violate the CLRA and the UCL, and specifically to whether Plaintiff received a completed inspection report prior to sale — the Court reconsiders its adherence to the *Sandoval* court's ruling. The Court notes, however, that its finding in the prior order (ECF No. 13) that CarMax has no duty to disclose an internal inspection report, is not inconsistent with finding that the report CarMax does provide to customers – the aforementioned CQI report – is inadequate under Cal. Veh. Code § 11713.18(a)(6).

with all of the district court cases cited by Plaintiff which found similar claims actionable. *See e.g. Gullins*, 13-cv-9398-JAK-CW at 2; *Lee v. CarMax*, 13-cv-7648-MWF-VBK at 12 (C.D. Cal. Dec. 2, 2013); *Knapp v. CarMax*, 14-cv-1112-BRO (SPx) at 2 (C.D. Cal. July 21, 2014).

This Court continues to reserve ruling on whether the CQI report is compliant, because further fact finding would be relevant to whether a report received by Plaintiff was "complete" or indicated "all the components inspected". Cal. Veh. Code § 11713.18(6)(a). Regardless, the primary issue is not the text of a report, but whether CarMax's representations about its certification process are untrue, misleading, unfair, or unlawful, and thus in violation of the CLRA and the UCL. The Court agrees with the *Stelzer* court's statement that: "It isn't the underlying paperwork that makes a car certified, after all, but CarMax's diligence in conducting a rigorous exam of that car and ensuring that it is problem-free and ready to drive." *Stelzer v. CarMax,* 2013 WL 6815029 at *1 (S.D. Cal. Dec. 20, 2013).

The California Vehicle Code does not set forth specifically what constitutes a "certified" vehicle as opposed to a non-certified vehicle. However presumably, a certified vehicle is in some way superior by virtue of being certified. Plaintiff's prior complaint pled no facts permitting the Court to draw the inference that CarMax's certification process was deficient, because the prior complaint had omitted all allegations of defects to the vehicle. The instant SAC alleges defect to the vehicle and also alleges she would not have purchased the vehicle but for CarMax's representations regarding the vehicle being certified. Drawn in favor of Plaintiff, these allegations support a claim that CarMax's representations are untrue, misleading, unfair, or unlawful, and thus in violation of the UCL and CLRA.

Several decisions, including those issued by this District, have permitted claims under the UCL and CLRA to proceed past the 12(b)(6) stage on facts analogous to those here. *See e.g. Gullins*, 13-cv-9398; *Lee,* 13-cv-7648; *Overholt v. Carmax,* 13-cv-2009-GEB-AC, ECF No. 19 (E.D. Cal. Apr. 7, 2014).[4] On the other side, several decisions, including from this District, have granted motions to dismiss UCL and CLRA claims. *See e.g. Sandoval,* 13-cv-908-MMM; *Sigala*

---

[4] The Court acknowledges Defendants' point that in *Overholt* summary judgment was granted in favor of defendants. *See Overholt*, 13-cv-2009, ECF No. 32.

7

1   *v. CarMax*, 14-cv-1451-SAB, ECF No. 17 (E.D. Cal. Nov. 10, 2014); *Zamora Chavez v.*
2   *CarMax,* 13-cv-2651, ECF No. 26 (C.D. Cal. Nov. 8, 2013) (dismissing CLRA and UCL claims
3   to the extent they were based on fraud, and the UCL claim to the extent it was premised on unfair
4   or fraudulent business practices).  For the reasons discussed above, the Court places itself on the
5   side of those decisions permitting CLRA and UCL claims, based on the instant facts or
6   analogous facts, to move past the 12(b)(6) stage.  Therefore Defendants' Motion to Dismiss
7   (ECF No. 33) is DENIED.

**V.  Motion to Strike**

Defendants' Motion to Strike under Fed. R. Civ. Pro. 12(f) mostly duplicates the Motion to Dismiss, in that it argues Plaintiff fails to state a claim.  (ECF No. 31-1 at 4-12.)  However, "Rule 12(f) cannot be read … in a manner that allow[s] litigants to use it as a means to dismiss some or all of a pleading." *Whittlestone, Inc. v. Handi-Craft Co.,* 618 F.3d 970, 974 (9th Cir. 2010).

Apart from this, Defendants argue that damages are not available under the UCL.  "The court may make such orders or judgments … to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition." Cal. Bus. & Prof. Code § 17203.  "Claims under the UCL provide limited remedies; plaintiffs may only seek injunctive relief and restitution." *De La Torre v. CashCall, Inc.*, 56 F. Supp. 3d 1105, 1108 (2014); *Lauter v. Anoufrieva*, 642 F. Supp. 2d 1060, 1096 (2009) (same).  Attorney's fees are also not recoverable under the UCL.  *Korea Supply Co. v. Lockheed Martin Corp*, 29 Cal. 4th 1134, 1148 (2003); *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.,* 20 Cal. 4th 163, 179 (1999).  Therefore, Plaintiff is precluded from seeking relief under the UCL except restitution and injunctive relief.

Defendants also argue that Plaintiff has pled insufficient facts supporting punitive damages under the CLRA.  Punitive damages are statutorily provided for in the CLRA.  *See* Cal. Civ. Code § 1780(a)(4).  Defendants do not provide authority establishing that the basis for Plaintiff's claim — that CarMax sells its vehicles as certified but provides a nominal report showing certification instead of disclosing an accurate report — is excluded from the plain

meaning of section 1780(a)(4). Defendants argue, however, that punitive damages are precluded because Plaintiff cannot meet the requirements set forth in Cal. Civ. Code § 3924(a), which governs generally the awarding of punitive damages in non-contract cases. *See* § 3924(a) ("In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant"); *Looney v. Superior Court* 16 Cal. App. 4th 521, 539- 40 (1993) ("If petitioners are ever going to prevail on a punitive damage claim, they can only do so by establishing malice, oppression or fraud by clear and convincing evidence. Thus, any prima facie case must necessarily meet that standard"); *Basich v. Allstate Ins.,* 87 Cal. App. 4th 112, 118-21 (2001).[5]

Plaintiff's primary authority on this point is *Overholt*, which is distinguishable because plaintiff in that case pled a separate fraud cause of action. Because that cause of action remained viable under Rule 12(b)(6), punitive damages remained available under § 3924(a). *Overholt*, 13-cv-2009-GEB-AC, ECF No. 27 at 12. For the instant SAC, Plaintiff has omitted the separate fraud causes of action that were contained in previous pleadings. However, the underlying allegations in the instant complaint and those in *Overholt* are largely the same – both plaintiffs stated they purchased a defective vehicle, represented by CarMax to be certified, which was allegedly misleading. At this early stage of litigation where damages are not yet even an issue, and drawing the facts in favor of Plaintiff, the Court finds Plaintiff states a prima facie case of "oppression, fraud, or malice," and thus the availability of punitive relief is not precluded.

For the foregoing reasons, Defendants' Motion to Strike (ECF No. 31) is GRANTED on the basis that Plaintiff is precluded from seeking relief under the UCL except restitution and injunctive relief. In the other respects the Motion to Strike is DENIED.

//

---

[5] Defendants also reference Cal. Civ. Code § 3294 subsection (b), which concerns employer liability based upon the acts of an employee. Although the SAC references some interactions with CarMax employees, there is not an obvious application of subsection (b) to the instant claims.

**VI.  Conclusion**

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 30) is DENIED. Defendants' Motion to Strike (ECF No. 31) is GRANTED IN PART and DENIED IN PART.

Dated:  July 14, 2015

Troy L. Nunley
United States District Judge