1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   MICHELLE R. CHULICK-PEREZ,          No.  2:13-cv-02329-TLN-CKD

12              Plaintiff,

13      v.                               PRETRIAL SCHEDULING ORDER

14   CARMAX AUTO SUPERSTORES
     CALIFORNIA, LLC.,
15
                Defendant.
16

17
          After reviewing the parties' Joint Status Report, the Court
18
     makes the following Pretrial Scheduling Order.
19
          I.    SERVICE OF PROCESS
20
          All named Defendants have been served and no further service
21
     is permitted without leave of court, good cause having been
22
     shown.
23
          II.   ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS
24
          No joinder of parties or amendments to pleadings is
25
     permitted without leave of court, good cause having been shown.
26
          III.  JURISDICTION/VENUE
27
          Jurisdiction is predicated upon 28 U.S.C. § 1332.
28

                                     1

1  Jurisdiction and venue are not contested.

2      IV.   DISCOVERY

3      All discovery shall be completed by **March 30, 2016.**  In this

4  context, "completed" means that all discovery shall have been

5  conducted so that all depositions have been taken and any

6  disputes relative to discovery shall have been resolved by

7  appropriate order if necessary and, where discovery has been

8  ordered, the order has been obeyed.  All motions to compel

9  discovery must be noticed on the magistrate judge's calendar in

10  accordance with the local rules of this Court.

11      Any request to deviate from the Federal Rules of Civil

12  Procedure should be made to the assigned Magistrate Judge.

13      V.   DISCLOSURE OF EXPERT WITNESSES

14      All counsel are to designate in writing, file with the

15  Court, and serve upon all other parties the name, address, and

16  area of expertise of each expert that they propose to tender at

17  trial not later than **May 26, 2016.**[1]  The designation shall be

18  accompanied by a written report prepared and signed by the

19  witness.  The report shall comply with Fed. R. Civ. P.

20  26(a)(2)(B).

21      Within twenty (20) days after the designation of expert

22  witnesses, any party may designate a supplemental list of expert

23  witnesses who will express an opinion on a subject covered by an

24  expert designated by an adverse party.

25  ///

26  ///

27  _____

[1] The discovery of experts will include whether any motions based on <u>Daubert</u>
28  <u>v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993) and/or <u>Kumho Tire</u>
<u>Co. v. Carmichael</u>, 119 S. Ct. 1167 (1999) are anticipated.

1    The right to designate a supplemental expert for rebuttal

2    purposes only shall apply to a party who has not previously

3    disclosed an expert witness on the date set for expert witness

4    disclosure by this Pretrial Scheduling Order.

5    Failure of a party to comply with the disclosure schedule as

6    set forth above in all likelihood will preclude that party from

7    calling the expert witness at the time of trial.  An expert

8    witness not appearing on the designation will not be permitted to

9    testify unless the party offering the witness demonstrates: (a)

10   that the necessity for the witness could not have been reasonably

11   anticipated at the time the list was proffered; (b) that the

12   Court and opposing counsel were promptly notified upon discovery

13   of the witness; and (c) that the witness was promptly made

14   available for deposition.

15   For purposes of this Pretrial Scheduling Order, an "expert"

16   is any person who may be used at trial to present evidence under

17   Rules 702, 703, and 705 of the Federal Rules of Evidence, which

18   include both "percipient experts" (persons who, because of their

19   expertise, have rendered expert opinions in the normal course of

20   their work duties or observations pertinent to the issues in the

21   case) and "retained experts" (persons specifically designated by

22   a party to be a testifying expert for the purposes of

23   litigation).

24   Each party shall identify whether a disclosed expert is

25   percipient, retained, or both.  It will be assumed that a party

26   designating a retained expert has acquired the express permission

27   of the witness to be so listed.

28   ///

3

1    Parties designating percipient experts must state in the

2  designation who is responsible for arranging the deposition of

3  such persons.

4    All experts designated are to be fully prepared at the time

5  of designation to render an informed opinion, and give their

6  bases for their opinion, so that they will be able to give full

7  and complete testimony at any deposition taken by the opposing

8  party.  Experts will not be permitted to testify at the trial as

9  to any information gathered or evaluated, or opinion formed,

10  after deposition taken subsequent to designation.

11    Counsel are instructed to complete all discovery of expert

12  witnesses in a timely manner in order to comply with the Court's

13  deadline for filing dispositive motions.

14    VI.   MOTION HEARING SCHEDULE

15    All dispositive motions, except motions for continuances,

16  temporary restraining orders or other emergency applications,

17  shall be heard no later than **September 22, 2016.**

18    All purely legal issues are to be resolved by timely

19  pretrial motions.  Local Rule 230 governs the calendaring and

20  procedures of civil motions with the following additions:

21    (a) The opposition and reply must be filed by 4:00 p.m. on

22        the day due; and

23    (b) When the last day for filing an opposition brief falls

24        on a legal holiday, the opposition brief shall be filed

25        on the last court day immediately preceding the legal

26        holiday.

27    Failure to comply with Local Rule 230(c), as modified by

28  this order, may be deemed consent to the motion and the court may

4

1    dispose of the motion summarily. Further, failure to timely

2    oppose a summary judgment motion[2] may result in the granting of

3    that motion if the movant shifts the burden to the nonmovant to

4    demonstrate that a genuine issue of material fact remains for

5    trial.

6         The Court places a page limit for points and authorities

7    (exclusive of exhibits and other supporting documentation) of

8    twenty (20) pages on all initial moving papers, twenty (20) pages

9    on oppositions, and ten (10) pages for replies.  All requests for

10   page limit increases must be made in writing to the Court setting

11   forth any and all reasons for any increase in page limit at least

12   fourteen (14) days prior to the filing of the motion.

13        For the Court's convenience, citations to Supreme Court

14   cases should include parallel citations to the Supreme Court

15   Reporter.

16        The parties are reminded that a motion in limine is a

17   pretrial procedural device designed to address the admissibility

18   of evidence.  The Court will look with disfavor upon

19   dispositional motions presented in the guise of motions in

20   limine.

21        The parties are cautioned that failure to raise a

22   dispositive legal issue that could have been tendered to the

23   court by proper pretrial motion prior to the dispositive motion

24   cut-off date may constitute waiver of such issue.

25   ///

26   //

---

27   [2] The Court urges any party that contemplates bringing a motion for summary
28   judgment or who must oppose a motion for summary judgment to review Local Rule
     260.

5

1        VII.   <u>FINAL PRETRIAL CONFERENCE</u>

2        The Final Pretrial Conference is set for **January 12, 2017,**

3    at **2:00 p.m.**  At least one of the attorneys who will conduct the

4    trial for each of the parties shall attend the Final Pretrial

5    Conference.  If by reason of illness or other unavoidable

6    circumstance a trial attorney is unable to attend, the attorney

7    who attends in place of the trial attorney shall have equal

8    familiarity with the case and equal authorization to make

9    commitments on behalf of the client.

10        Counsel for all parties are to be fully prepared for trial

11   at the time of the Final Pretrial Conference, with no matters

12   remaining to be accomplished except production of witnesses for

13   oral testimony.

14        The parties shall file, not later than **January 5, 2017**, a

15   Joint Final Pretrial Conference Statement.  The provisions of

16   Local Rules 281 shall apply with respect to the matters to be

17   included in the Joint Final Pretrial Conference Statement.  In

18   addition to those subjects listed in Local Rule 281(b), the

19   parties are to provide the Court with a plain, concise statement

20   that identifies every non-discovery motion tendered to the Court

21   and its resolution.  Failure to comply with Local Rule 281, as

22   modified by this Pretrial Scheduling Order, may be grounds for

23   sanctions.

24        At the time of filing the Joint Final Pretrial Conference

25   Statement, counsel shall also electronically mail to the Court in

26   digital format compatible with Microsoft Word, the Joint Final

27   Pretrial Conference Statement in its entirety including the

28   ///

witness and exhibit lists.  **These documents shall be sent to:**
**tlnorders@caed.uscourts.gov.**

The parties should identify first the core undisputed facts relevant to all claims.  The parties should then, in a concise manner, identify those undisputed core facts that are relevant to each claim.  The disputed facts should be identified in the same manner.  Where the parties are unable to agree as to what disputed facts are properly before the Court for trial, they should nevertheless list all disputed facts asserted by each party.  Each disputed fact or undisputed fact should be separately numbered or lettered.

Each party shall identify and concisely list each disputed evidentiary issue which will be the subject of a motion in limine.

Each party shall identify the points of law which concisely describe the legal issues of the trial which will be discussed in the parties' respective trial briefs.  Points of law should reflect issues derived from the core undisputed and disputed facts.  Parties shall not include argument or authorities with any point of law.

The parties shall prepare a joint statement of the case in plain concise language which will be read to the jury at the beginning of the trial.  The purpose of the joint statement is to inform the jury what the case is about.

The parties are reminded that pursuant to Local Rule 281 they are required to list in the Joint Final Pretrial Conference Statement all witnesses and exhibits they propose to offer at trial.  After the name of each witness, each party shall provide

1   a brief statement of the nature of the testimony to be proffered.
2   The parties may file a joint list or each party may file separate
3   lists.  These list(s) shall not be contained in the body of the
4   Joint Final Pretrial Conference Statement itself, but shall be
5   attached as separate documents to be used as addenda to the Final
6   Pretrial Order.

7       Plaintiff's exhibits shall be listed numerically.
8   Defendant's exhibits shall be listed alphabetically.  The parties
9   shall use the standard exhibit stickers provided by the Court
10  Clerk's Office: pink for plaintiff and blue for defendant.  In
11  the event that the alphabet is exhausted, the exhibits shall be
12  marked "AA-ZZ" and "AAA-ZZZ" etc.  After three letters, note the
13  number of letters in parenthesis (i.e., "AAAA(4)") to reduce
14  confusion at trial.  All multi-page exhibits shall be stapled or
15  otherwise fastened together and each page within the exhibit
16  shall be numbered.  All photographs shall be marked individually.
17  The list of exhibits shall not include excerpts of depositions,
18  which may be used to impeach witnesses.  In the event that
19  Plaintiff and Defendant offer the same exhibit during trial, that
20  exhibit shall be referred to by the designation the exhibit is
21  first identified.  The Court cautions the parties to pay
22  attention to this detail so that all concerned, including the
23  jury, will not be confused by one exhibit being identified with
24  both a number and a letter.

25      The Final Pretrial Order will contain a stringent standard
26  for the offering at trial of witnesses and exhibits not listed in
27  the Final Pretrial Order, and the parties are cautioned that the
28  standard will be strictly applied.  On the other hand, the

1  listing of exhibits or witnesses that a party does not intend to

2  offer will be viewed as an abuse of the court's processes.

3      The parties also are reminded that pursuant to Rule 16 of

4  the Federal Rules of Civil Procedure it will be their duty at the

5  Final Pretrial Conference to aid the Court in: (a) the

6  formulation and simplification of issues and the elimination of

7  frivolous claims or defenses; (b) the settling of facts that

8  should properly be admitted; and (c) the avoidance of unnecessary

9  proof and cumulative evidence.  Counsel must cooperatively

10 prepare the Joint Final Pretrial Conference Statement and

11 participate in good faith at the Final Pretrial Conference with

12 these aims in mind.  A failure to do so may result in the

13 imposition of sanctions which may include monetary sanctions,

14 orders precluding proof, elimination of claims or defenses, or

15 such other sanctions as the Court deems appropriate.

16     VIII. <u>TRIAL BRIEFS</u>

17     The parties shall file trial briefs not later than fourteen

18 (14) days before trial.  Counsel are directed to Local Rule 285

19 regarding the content of trial briefs.

20     IX.   <u>EVIDENTIARY AND/OR PROCEDURAL MOTIONS</u>

21     It is the Court's practice to hear motions in limine on the

22 first day of trial.  However, depending on the number and nature

23 of the parties' motions, the need to special set a hearing date

24 to hear such motions shall be addressed at the Final Pretrial

25 Conference.

26 ///

27 ///

28 ///

9

1          X.     <u>TRIAL SETTING</u>

2          The trial is set for **March 20, 2017,** at **9:00 a.m.**   Trial

3   will be by jury.   The panel will consist of eight (8) jurors.

4   The parties estimate a trial length of **two to six (2-6) days.**

5          XI.    <u>SETTLEMENT CONFERENCE</u>

6          At the Final Pretrial Conference, the Court may set a

7   settlement conference if the parties so request.   In the event no

8   settlement conference is requested, the parties are free to

9   continue to mediate or attempt to settle the case with the

10  understanding that the trial date is a firm date.

11         In the event a settlement conference is set by the Court,

12  counsel are instructed to have a principal with full settlement

13  authority present at the Settlement Conference or to be fully

14  authorized to settle the matter on any terms.   At least seven (7)

15  calendar days before the settlement conference, counsel for each

16  party shall submit to the chambers of the settlement judge a

17  confidential Settlement Conference Statement.   Such statements

18  are neither to be filed with the Clerk nor served on opposing

19  counsel.   Each party, however, shall serve notice on all other

20  parties that the statement has been submitted.   If the settlement

21  judge is not the trial judge, the Settlement Conference Statement

22  shall not be disclosed to the trial judge.

23         Notwithstanding the foregoing, the parties may request a

24  settlement conference prior to the Final Pretrial Conference if

25  they feel it would lead to the possible resolution of the case.

26  In the event an early settlement conference date is requested,

27  the parties shall file said request jointly, in writing.   The

28  request must state whether the parties waive disqualification,

1  pursuant to Local Rule 270(b), before a settlement judge can be

2  assigned to the case.  Absent the parties' affirmatively

3  requesting that the assigned Judge or Magistrate Judge

4  participate in the settlement conference AND waiver, pursuant to

5  Local Rule 270(b), a settlement judge will be randomly assigned

6  to the case.

7      XII.   VOLUNTARY DISPUTE RESOLUTION PROGRAM

8      Pursuant to Local Rule 271, parties may stipulate at any

9  stage in the proceedings to refer the action, in whole or in

10  part, to the Voluntary Dispute Resolution Program.

11      XIII. MODIFICATION OF PRETRIAL SCHEDULING ORDER

12      The parties are reminded that pursuant to Rule 16(b) of the

13  Federal Rules of Civil Procedure, the Pretrial Scheduling Order

14  shall not be modified except by leave of court upon a showing of

15  **good cause**.  Agreement by the parties pursuant to stipulation

16  alone to modify the Pretrial Scheduling Order does not constitute

17  good cause.  Except in extraordinary circumstances,

18  unavailability of witnesses or counsel will not constitute good

19  cause.

20      XIV.   OBJECTIONS TO PRETRIAL SCHEDULING ORDER

21      This Pretrial Scheduling Order will become final without

22  further order of the Court unless objections are filed within

23  fourteen (14) days of service of this Order.

24      IT IS SO ORDERED.

25  DATED:  December 04, 2015

26

27                                    Troy L. Nunley
                                      United States District Judge

28